IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:16-CT-03015-D

**Gregory Allen Gant,**

           Plaintiff,

  v.

**Unnamed Defendant and State of North Carolina**,

           Defendants.

**Order &
Memorandum & Recommendation**

Plaintiff Gregory Allen Gant ("Gant"), a state inmate proceeding *pro se*, commenced this civil action on January 26, 2016. This matter is currently before the court for the screening required by the Prison Litigation Reform Act ("PLRA"). Also before the court are Gant's motions for class action (D.E. 2) and to proceed without prepayment of fees (D.E. 8). For the following reasons, Gant's motions are denied, and the undersigned magistrate judge recommends that the district court dismiss Gant's claims.

**I.    Motion for Class Action**

Gant seeks to bring this action as a class action. The Fourth Circuit Court of Appeals does not allow for certification of a class where a *pro se* litigant will act as a representative of that class because it is plain error for a pro se litigant to represent other inmates in a class action. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam); *see Bedell v. Angelone*, No. 2:01CV780, 2003 WL 24054709, * 2 (E.D. Va. Oct. 3, 2003), *aff'd*, 87 F. App'x 323 (4th Cir. Feb. 11, 2004). Accordingly, because Gant is proceeding *pro se*, he may not bring this

1

action on behalf of other inmates in the form of a class action and the instant motion (D.E. 2) is DENIED. *See id.*

## II. Motion to Proceed Without Prepayment and Review Under 28 U.S.C. § 1915A

A prisoner cannot proceed without the prepayment of fees:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This subsection is known as the "three-strikes" provision of the PLRA. *See Tolbert v. Stevenson*, 635 F.3d 646, 650 (4th Cir. 2011); *Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006); *Altizer v. Deeds*, 191 F.3d 540, 544 (4th Cir. 1999).

Gant has filed at least three actions that courts have dismissed as frivolous, malicious, or failing to state a claim, and now receives routine dismissals pursuant to section 1915(g). *See Gant v. State of North Carolina*, No. 5:15-CT-3300-BO, D.E. 4 (listing cases). Therefore, in order to avoid dismissal under § 1915(g), Gant must show that he is under imminent danger of serious physical injury in order to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(g).

The imminent danger of serious physical injury "exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id.*

2

Here, Gant's complaint is not a model of clarity. However, it appears that he contends that he should not be subject to laws of the state of North Carolina because he was "born free and [is a] natural born Moorish American." Pl. Ex. at 1, D.E. 1-1. Not only do these allegations fail to establish that Gant is under imminent danger of serious physical injury, they are frivolous on their face. *See, e.g., Caldwell v. Wood*, No. 3:07-cv-41, 2010 WL 5441670, at *17 (W.D.N.C. Dec. 28, 2010) (stating that the notion that plaintiff "is entitled to ignore the laws . . . by claiming membership in the 'Moorish-American' nation is ludicrous."). Accordingly, Gant's motion to proceed without the prepayment of fees (D.E. 8) is DENIED, and the undersigned recommends that Gant's complaint be dismissed.

**Conclusion**

For the aforementioned reasons, Gant's motion for class action (D.E. 2) and motion to proceed without prepayment of fees are DENIED (D.E. 8), and it is recommended that Gant's complaint be dismissed pursuant to § 1915(g).

The Clerk of Court shall serve a copy of this Memorandum and Recommendation on Plaintiff. Plaintiff shall have until 14 days after service of the Memorandum and Recommendation on him to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If plaintiff does not file written objections to the Memorandum and Recommendation by the foregoing deadline, he will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, plaintiff's failure to file written objections by the foregoing deadline will bar him from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Dated: June 23, 2016

*Robert T. Numbers II*
_____
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE