IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CT-3015-D

GREGORY ALLEN GANT, )
)
Plaintiff, )
)
v. ) **ORDER**
)
UNNAMED DEFENDANT and STATE )
OF NORTH CAROLINA, )
)
Defendants. )

On June 23, 2016, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 12]. In that M&R, Judge Numbers recommended that the court dismiss Gregory Allen Gant's ("Gant") 42 U.S.C. § 1983 complaint. On July 18, 2016, Gant objected to the M&R [D.E. 13].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). Moreover, the court need not conduct a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Wells v. Shriners Hosp., 109 F.3d 198, 200–01 (4th Cir. 1997). "Section 636(b)(1) does not

countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only those portions of the report or specified proposed findings or recommendations to which objection is made." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007).

Gant's objections reiterate arguments stated in his complaint, and his objections do not meaningfully rebut Judge Numbers' recommendations. Compare M&R 1–3 with Objs. [D.E. 13]. Because Gant's objections fail to meaningfully address the M&R, de novo review is not required. See, e.g., Wells, 109 F.3d at 200–01; Orpiano, 687 F.2d at 47.

Alternatively, Gant's objections lack merit. Gant, a state inmate proceeding pro se, is subject to the "three-strikes" provision of the Prisoner Litigation Reform Act, and now routinely receives dismissals pursuant to 28 U.S.C. § 1915(g). See Gant v. State of North Carolina, No. 5:15-CT-3300-BO (E.D.N.C. Nov. 24, 2015) (collecting cases). Therefore, to avoid dismissal and proceed without prepayment of the filing fee, Gant must show that he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). Gant's allegations fail to meet this standard. See M&R 2–3. Moreover, Gant's "Moorish-American" claim "is ludicrous." Caldwell v. Wood, No. 3:07-CV-41, 2010 WL 5441670, at *17 (W.D.N.C. Dec. 28, 2010) (unpublished) (collecting cases); see Bey v. Pennsylvania, 345 Fed. App'x 731, 732 (3rd Cir. 2009) (per curiam) (unpublished). Thus, Gant's claim fails.

In sum, after reviewing the M&R, the record, and Gant's objections, the court is satisfied that there is no clear error on the face of the record. Accordingly, Gant's objections [D.E. 13] are OVERRULED, and the court adopts the conclusions in the M&R [D.E. 12]. Gant's complaint is DISMISSED, and the clerk shall close the case.

2

SO ORDERED. This  28  day of March 2017.

                                        _____
                                        JAMES C. DEVER III
                                        Chief United States District Judge

3

Case 5:16-ct-03015-D   Document 14   Filed 03/28/17   Page 3 of 3